# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## NORTHERN DIVISION

| | |
|---|---|
| **ROBERT W. RENO,**<br><br>Plaintiff,<br><br>v.<br><br>**MICHAEL J. ASTRUE,**<br>**Commissioner of Social Security,**<br><br>Defendant. | **MEMORANDUM DECISION**<br>**AND ORDER**<br><br><br>**Case No. 1:10-cv-35-PMW**<br><br><br><br>**Magistrate Judge Paul M. Warner** |

Before the court is Robert W. Reno's ("Plaintiff") appeal of Michael J. Astrue's ("Commissioner") final decision denying Plaintiff's claims for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act, *see* 42 U.S.C. §§ 401-434, and Supplemental Security Income ("SSI") under Title XVI of the Social Security Act, *see id*. §§ 1381-1383f. After careful consideration of the written briefs and the complete record, the court has determined that oral argument is unnecessary in this case.

## **BACKGROUND**

In May 2007, Plaintiff applied for DIB and SSI, alleging a disability onset date of September 25, 2006.[1] Plaintiff's application was denied initially and upon reconsideration.[2] In

---

[1] *See* docket no. 6, Administrative Record ("Tr. ____") 127-44.

[2] *See* Tr. 66-67, 70-71.

November 2007, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"),[3] and that hearing was held on December 16, 2008.[4] On February 5, 2009, the ALJ issued a written decision denying Plaintiff's claims.[5] In January 2010, the Appeals Council denied Plaintiff's request for review,[6] making the ALJ's decision the Commissioner's final decision for purposes of judicial review. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); 20 C.F.R. §§ 404.981, 416.1481.

On March 23, 2010, Plaintiff filed his complaint in this case, which was assigned to District Judge Tena Campbell.[7] On May 14, 2010, both parties consented to having a United States Magistrate Judge conduct all proceedings in the case, including entry of final judgment, with appeal to the United States Court of Appeals for the Tenth Circuit.[8] Consequently, the case was reassigned to Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(c) and rule 73 of the Federal Rules of Civil Procedure.[9] On May 21, 2010, the Commissioner filed his answer, along with the administrative record.[10] Plaintiff filed his opening brief on July 2, 2010.[11] The

---

[3] *See* Tr. 91.

[4] *See* Tr. 21-65.

[5] *See* Tr. 9-20.

[6] *See* Tr. 1-6.

[7] *See* docket no. 3.

[8] *See* docket no. 4.

[9] *See id*.

[10] *See* docket no. 5-6.

[11] *See* docket no. 11.

Commissioner filed his answer brief on July 22, 2010.[12] On August 17, 2010, Plaintiff filed his reply brief.[13]

## STANDARD OF REVIEW

This court "review[s] the Commissioner's decision to determine whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (quotations and citation omitted). The Commissioner's findings, "if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. It requires more than a scintilla, but less than a preponderance." *Lax*, 489 F.3d at 1084 (quotations and citation omitted). "In reviewing the ALJ's decision, [this court may] neither reweigh the evidence nor substitute [its] judgment for that of the [ALJ]." *Madrid v. Barnhart*, 447 F.3d 788, 790 (10th Cir. 2006) (quotations and citation omitted). "The failure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed [are] grounds for reversal." *Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir. 2005) (quotations and citation omitted).

A five-step evaluation process has been established for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v); *see also Williams v.*

---

[12] *See* docket no. 12.

[13] *See* docket no. 13.

*Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988) (discussing the five-step process). If a determination can be made at any one of the steps that a claimant is or is not disabled, the subsequent steps need not be analyzed. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

> Step one determines whether the claimant is presently engaged in substantial gainful activity. If [the claimant] is, disability benefits are denied. If [the claimant] is not, the decision maker must proceed to step two: determining whether the claimant has a medically severe impairment or combination of impairments. . . . If the claimant is unable to show that his impairments would have more than a minimal effect on his ability to do basic work activities, he is not eligible for disability benefits. If, on the other hand, the claimant presents medical evidence and makes the *de minimis* showing of medical severity, the decision maker proceeds to step three.

*Williams*, 844 F.2d at 750-51 (quotations and citations omitted); *see* 20 C.F.R. §§ 404.1520(a)(4)(i)-(ii), 416.920(a)(4)(i)-(ii).

"Step three determines whether the impairment is equivalent to one of a number of listed impairments that . . . are so severe as to preclude substantial gainful activity . . . . If the impairment is listed and thus conclusively presumed to be disabling, the claimant is entitled to benefits. If not, the evaluation proceeds to the fourth step . . . ." *Williams*, 844 F.2d at 751 (quotations and citations omitted); *see* 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). At the fourth step, the claimant must show that the impairment prevents performance of his "past relevant work." 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). "If the claimant is able to perform his previous work, he is not disabled." *Williams*, 844 F.2d at 751. If, however, the claimant is not able to perform his previous work, he "has met his burden of proof, establishing a prima facie case of disability." *Id*.

At this point, "[t]he evaluation process . . . proceeds to the fifth and final step." *Id*. At this step, the burden of proof shifts to the Commissioner, and the decision maker must determine "whether the claimant has the residual functional capacity [("RFC")] . . . to perform other work in the national economy in view of his age, education, and work experience." *Id*.; *see* 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If it is determined that the claimant "can make an adjustment to other work," 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v), he is not disabled. If, on the other hand, it is determined that the claimant "cannot make an adjustment to other work," 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v), he is disabled and entitled to benefits.

## ANALYSIS

In support of his claim that the Commissioner's decision should be reversed, Plaintiff argues that: (1) the ALJ erred in evaluating the opinions of Plaintiff's treating physician; (2) the ALJ erred in evaluating Plaintiff's credibility; and (3) the ALJ and the Appeals Council erred by failing to properly consider other evidence supporting Plaintiff's testimony and the opinions of his treating physician. The court will address these arguments in turn.

### I. Treating Source Opinions

Plaintiff argues that the ALJ failed to properly evaluate the opinions Plaintiff's treating physician, Dr. Brett Morrill.

> In deciding how much weight to give a treating source opinion, an ALJ must first determine whether the opinion qualifies for controlling weight. To make this determination, the ALJ . . . must first consider whether the opinion is well[ ]supported by medically acceptable clinical and laboratory diagnostic techniques. If the answer to this question is "no," then the inquiry at this stage is complete. If the ALJ finds that the opinion is well[ ]supported,

5

> he must then confirm that the opinion is consistent with other substantial evidence in the record. If the opinion is deficient in either of these respects, then it is not entitled to controlling weight.
>
> Even if a treating physician's opinion is not entitled to controlling weight, treating source medical opinions are still entitled to deference and must be weighed using all of the factors provided in [20 C.F.R. §§ 404.1527 and 416.927]. Those factors are: (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion.
>
> Under the regulations, the agency rulings, and [Tenth Circuit] case law, an ALJ must give good reasons . . . for the weight assigned to a treating physician's opinion . . . that are sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reason for that weight. If the ALJ rejects the opinion completely, he must then give specific, legitimate reasons for doing so.

*Langley v. Barnhart*, 373 F.3d 1116, 1119 (10th Cir. 2004) (quotations and citations omitted) (sixth alteration in original); *see also* 20 C.F.R. §§ 404.1527(d), 416.927(d). An ALJ is not required to discuss every factor set forth in the relevant regulations. *See Oldham v. Astrue*, 509 F.3d 1254, 1258 (10th Cir. 2007) (stating that when an ALJ does not discuss every factor, it "does not prevent this court from according his decision meaningful review").

As with other evidentiary matters, when an ALJ is considering medical opinion evidence, it is the ALJ's role to weigh and resolve evidentiary conflicts and inconsistencies. *See, e.g.*,

6

*Rutledge v. Apfel*, 230 F.3d 1172, 1174 (10th Cir. 2000); *Eggleston v. Bowen*, 851 F.2d 1244, 1247 (10th Cir. 1988). In addition, a treating source's opinion that a claimant is disabled "is not dispositive because final responsibility for determining the ultimate issue of disability is reserved to the [Commissioner]." *Castellano v. Sec'y of Health & Human Servs.*, 26 F.3d 1027, 1029 (10th Cir. 1994); *see also* 20 C.F.R. §§ 404.1527(e), 416.927(e).

Plaintiff argues that the ALJ erred because he did not specify the exact weight he gave to Dr. Morrill's opinions, even though the ALJ indicated that he was not giving Dr. Morrill's opinions "full weight."[14] Plaintiff appears to argue that the ALJ was somehow required to use different language or wording to more accurately indicate the exact weight he gave to Dr. Morrill's opinions. The court disagrees. The ALJ's indication that Dr. Morrill's opinions were not entitled to full weight was the equivalent of indicating that they were not entitled to controlling weight. *See Langley*, 373 F.3d at 1119. Accordingly, the court turns to the deference and weight the ALJ gave to Dr. Morrill's opinions. *See id.*; *see also* 20 C.F.R. §§ 404.1527(d), 416.927(d).

In reaching his determination about Dr. Morrill's opinions, the ALJ properly relied upon the fact that his conclusions about Plaintiff's functional limitations were not supported by his own treatment notes and other medical evidence in the record. *See* 20 C.F.R. §§ 404.1527(d)(3)-(4), 416.927(d)(3)-(4). In addition, the ALJ also properly relied upon the fact

---

[14] Tr. at 18.

that Dr. Morrill's opinions about Plaintiff's functional limitations were inconsistent with other opinion evidence and the record as a whole. *See id*. §§ 404.1527(d)(4), 416.927(d)(4).

To the extent that Plaintiff attempts to reargue the weight of the evidence before the ALJ, the court notes that such a tactic is futile on appeal because it is not this court's role to reweigh the evidence before the ALJ. *See Madrid*, 447 F.3d at 790. Indeed, it is the ALJ's role to weigh and resolve evidentiary conflicts and inconsistencies. *See, e.g.*, *Rutledge*, 230 F.3d at 1174; *Eggleston*, 851 F.2d at 1247.

For these reasons, the court concludes that the ALJ did not err in his evaluation of Dr. Morrill's opinions.

## II. Credibility

Plaintiff argues that the ALJ erred in evaluating Plainiff's credibility. In general, "[c]redibility determinations are peculiarly the province of the finder of fact, and [this court] will not upset such determinations when supported by substantial evidence." *Kepler v. Chater*, 68 F.3d 387, 391 (10th Cir. 1995) (quotations and citation omitted). Although credibility determinations "should be closely and affirmatively linked to substantial evidence," *id*. (quotations and citation omitted), they "do[] not require a formalistic factor-by-factor recitation of the evidence." *Qualls v. Apfel*, 206 F.3d 1368, 1372 (10th Cir. 2000).

Social Security Ruling ("SSR") 96-7p clarifies the standards an ALJ must apply when evaluating the credibility of an individual's statements, including his or her allegations of pain. *See* SSR 96-7p. In addition to the objective medical evidence, an ALJ should consider the following factors when assessing the credibility of an individual's statements:

1. The individual's daily activities;
2. The location, duration, frequency, and intensity of the individual's pain or other symptoms;
3. Factors that precipitate and aggravate the symptoms;
4. The type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms;
5. Treatment, other than medication, the individual receives or has received for relief of pain or other symptoms;
6. Any measures other than treatment the individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and
7. Any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms.

*Id.*; *see* 20 C.F.R. §§ 404.1529(c), 416.929(c); *see also Thompson v. Sullivan*, 987 F.2d 1482, 1489 (10th Cir. 1993).

In this case, the ALJ considered proper factors in reaching his determination that, overall, Plaintiff's testimony was not entirely credible. The ALJ properly relied upon the lack of objective medical evidence in the record to support Plaintiff's allegations about the degree of his pain and physical limitations. *See* 20 C.F.R. §§ 404.1529(c)(2), 416.929(c)(2); SSR 96-7p. Plaintiff again attempts to reargue the evidence before the ALJ on this point, which the court has established is an ineffective tactic on appeal. The ALJ also properly noted that evidence of Plaintiff's daily activities and Plaintiff's own assessment of his limitations were inconsistent with Plaintiff's testimony about the degree of his pain and limitations. *See* 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3); SSR 96-7p.

The ALJ articulated sufficient reasoning and relied upon proper factors in determining that Plaintiff's testimony was not credible. Accordingly, the court concludes that the ALJ did not err in reaching that determination.

### III. Other Evidence

Plaintiff argues that the ALJ and the Appeals Council erred by failing to properly consider other evidence supporting Plaintiff's testimony and the opinions of his treating physician. Plaintiff first argues that the ALJ ignored objective medical evidence because he did not mention the results of magnetic resonance imaging ("MRI") test performed in January 2008. That argument fails for several reasons. First, Plaintiff is again attempting to reargue the evidence before the ALJ. Second, the fact that the ALJ did not mention the January 2008 MRI test results in his decision does not necessarily mean that he failed to consider them. To the contrary, after reviewing the ALJ's decision, the court is persuaded that the ALJ considered all of the record evidence. *See Clifton v. Chater*, 79 F.3d 1007, 1009-10 (10th Cir. 1996) ("The record must demonstrate that the ALJ considered all of the evidence, but an ALJ is not required to discuss every piece of evidence.").

Plaintiff also argues that the Appeals Council erred in its treatment of the results of another MRI test that was conducted in August 2009, which was after the ALJ's decision was issued but prior to the Appeals Council's denial of Plaintiff's request for review. In essence, Plaintiff argues that the Appeals Council chose to accept and address those test results but then ignored them. That argument is without merit. In its denial of Plaintiff's request for review, the Appeals Council indicated that it had received the August 2009 MRI test results, considered

10

them, and made them part of the record. The court concludes that was sufficient to indicate that the Appeals Council did not, as Plaintiff asserts, ignore those test results. *See, e.g.*, *Martinez v. Barnhart*, 444 F.3d 1201, 1207-08 (10th Cir. 2006)

For these reasons, the court concludes that Plaintiff's arguments on this point fail.

## **CONCLUSION AND ORDER**

The court concludes that all of Plaintiff's arguments fail. Accordingly, **IT IS HEREBY ORDERED** that the Commissioner's decision in this case is **AFFIRMED** in all respects.

**IT IS SO ORDERED**.

DATED this 16th day of March, 2011.

BY THE COURT:

_____
PAUL M. WARNER
United States Magistrate Judge